David Martinez, CA Bar No. 193183
DMartinez@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Ronald J. Schutz (admitted *pro hac vice*)
RJSchutz@rkmc.com
Mary E. Kiedrowski (admitted *pro hac vice*)
MEKiedrowski@rkmc.com
Angela M. Munoz-Kaphing (admitted *pro hac vice*)
AMMunoz@rkmc.com
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

Attorneys for Plaintiff
IPVENTURE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IPVENTURE, INC., a California corporation,

Plaintiff,

v.

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware partnership, AT&T MOBILITY, LLC, a Delaware limited liability company, SPRINT SPECTRUM, LP, a Delaware limited partnership and NEXTEL OPERATIONS, INC., a Delaware corporation,

Defendants.

Case No. CV 10-04755 JSW

**IPVENTURE, INC.'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WILLFUL INFRINGEMENT AND INDIRECT INFRINGEMENT**

Date: Friday, February 4, 2011
Time: 9:00 a.m.
Judge: Hon. Jeffrey S. White

/ / /

/ / /

/ / /



ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

## I. Introduction

Plaintiff IpVenture, Inc.'s ("IpVenture") complaint includes 115 detailed paragraphs and 38 exhibits describing the factual basis of Cellco Partnership's, AT&T Mobility, LLC's, Sprint Spectrum, LP's, and Nextel Operations, Inc.'s (collectively "Defendants") infringement of U.S. Patent No. 7,366,522 ("the '522 patent"). Three of the exhibits to IpVenture's complaint are in the form of infringement charts, totaling 168 pages, and identifying preliminary exemplary evidence of each Defendant's direct, indirect, contributory, and/or induced infringement of the '522 patent. IpVenture's complaint also details the basis for its good faith belief that the Defendants willfully infringed and continue to willfully infringe the '522 patent.

Despite IpVenture's detailed and comprehensive infringement allegations, the Defendants argue that the willful and indirect infringement allegations should be dismissed for failure to state a claim. Defendants, however, fail to identify any case law that demonstrates IpVenture has failed to satisfy its pleading burden, and instead rely solely on case law addressing IpVenture's burden to prove its case. IpVenture is not obligated to prove its entire case at the pleading stage of the litigation. Instead, IpVenture is only obligated to place the Defendants on notice of their infringement and identify its requests for relief. IpVenture more than satisfied these pleading requirements, and accordingly, the Court should deny the Defendants' motions and order the Defendants to answer IpVenture's complaint.[1]

## II. Background

### A. The Patent in Suit

In this lawsuit, IpVenture asserts U.S. Patent No. 7,366,522 ("the '522 patent"), which issued on April 29, 2008. (Dkt. #1 at ¶ 19). The '522 patent is entitled "Method and System for Location Tracking," and is generally directed to a system and method for location tracking, location utilization, and dissemination and management of location information. On October 19,

[1] The Defendants each filed nearly identical motions to dismiss. (Dkt. ##27, 33, 35, 37). IpVenture, Inc. hereby files a Consolidated Opposition to Defendants' Motions To Dismiss For Failure to State a Claim for Willful Infringement and Indirect Infringement.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

2010, Guardian Location Systems, LLC ("Guardian") assigned the '522 patent to IpVenture. (Dkt. #1 at ¶ 20). IpVenture owns all rights and interests in the '522 patent. (Dkt. #1 at ¶ 21).

### B. Procedural History and Defendants' Notice of the '522 Patent

This litigation began when IpVenture's predecessor, Guardian, filed a patent infringement action against Defendants on September 10, 2010 in the Eastern District of Texas. Guardian provided the Defendants with courtesy copies of the complaint, thereby giving notice of the '522 patent and infringing family locator products and/or services. *See* Munoz Decl., Ex. A (Letter to Cellco Partnership), Ex. B (Letter to AT&T Mobility, LLC), and Ex. C (Letter to Sprint Nextel Corporation and Sprint Spectrum, LP). Thus, Defendants, at the very least, had knowledge of the '522 patent and infringing products as early as September 10, 2010 when they received courtesy copies of the complaint filed against them. On September 24, 2010, Guardian filed a First Amended Complaint ("FAC") alleging that Defendants willfully infringed the '522 patent. (Dkt. #27-6). On October 8, 2010, Guardian filed a Rule 41(a) notice of voluntary dismissal. (Dkt. #27-8).

IpVenture, the present Plaintiff, filed suit in this District on October 20, 2010. (Dkt. #1). IpVenture served the Cellco Partnership and AT&T Defendants with the complaint on October 27, 2010, and served the Sprint Defendants on October 28, 2010. (Dkt. #14). Defendants requested an extension of time in which to answer and IpVenture agreed that each Defendant's responsive pleading would be due on December 17, 2010. (*Id.*). On December 15 and 17, 2010, Defendants filed their motions to dismiss for failure to state a claim. (Dkt. ##27, 33, 35, 37).

## III. Statement of Applicable Law

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

When a complaint is attacked by a Rule 12(b)(6) motion to dismiss, the complaint "is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 U.S. Dist. LEXIS 40018, at *2-3 (N.D. Cal. April 21, 2010) (*citing Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986)). Although a complaint facing a Rule 12(b)(6) motion need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The issue before the Court is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV. Argument

### A. IpVenture has pled sufficient facts to support its allegation that Defendants engaged in and continue to engage in willful infringement of the '522 patent.

IpVenture's complaint provides the Defendants with adequate notice of the basis of its allegations that the Defendants' infringement of the '522 patent has been and continues to be willful. (Dkt. #1 at ¶¶ 47-54, 76-86, 110-115). Rule 8(a) only requires IpVenture to provide a "short and plain statement" demonstrating why it is entitled to relief. Fed. R. Civ. P. 8(a). IpVenture's allegations are not mere "formulaic recitation[s]" of the elements of the cause of action. *Twombly*, 550 U.S. at 555. Instead, IpVenture pleads detailed factual allegations that permit this Court to draw the reasonable inference that the Defendants' infringement has been and continues to be willful.

IpVenture's willfulness allegations are based, in part, on the fact that each Defendant cited to the patent application that issued as the '522 patent during the prosecution of one or more of its

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

own patents.[2] (Dkt. #1 at ¶¶ 49-52, 78-84, 112-113). Defendants argue that these allegations are insufficient because willful infringement must be based on knowledge of an issued patent. (Dkt. #27 at 6-7; Dkt. #33 at 6-7; Dkt. #35 at 5-7). Defendants cite to several cases in support of this argument (*e.g., In re Seagate Technology, LLC*; *State Indus., Inc. v. A.O. Smith Corp.*; *American Original Corp. v. Jenkins Food Corp.*). (Dkt. #27 at 6-7; Dkt. #33 at 6-7; Dkt. #35 at 5-7). Each of these cases, however, addresses what is necessary to *prove* willful infringement. These cases have no bearing on how a plaintiff must *plead* willful infringement.

Courts in this district have rejected similar arguments from other defendants, and declined to grant a motion to dismiss on this basis. *See, e.g., Advanced Analogic Tech., Inc. v. Kinetic Tech., Inc.*, No. C-09-1360 MMC, 2009 U.S. Dist. LEXIS 57953, at *5 (N.D. Cal. July 8, 2009) (reasoning that *Seagate* addresses "the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement"); *Rambus, Inc. v. NVIDIA Corp.*, No. C. 08-3343 SI, 2008 U.S. Dist. LEXIS 95168, at *7 (N.D. Cal. Nov. 13, 2008) ("The cases defendant relies on are distinguishable in that . . . they address what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter."). Defendants fail to point to any case law supporting the proposition that IpVenture's allegations do not satisfy the requirement for *pleading* willful infringement. *See Advanced Analogic Tech., Inc.*, 2009 U.S. Dist. LEXIS 57953, at *5 (suggesting that nothing more than a "good faith allegation of willfulness is required" to satisfy Rule 8(a)).

IpVenture's willfulness allegations are also based, in part, on the fact that the Defendants "disregarded an objectively high likelihood that the making, using, selling, and offering to sell" their respective family locator products and/or services infringed the '522 patent. (Dkt. #1 at

[2] The '522 patent application was cited during the prosecution of two Verizon patents – U.S. Patent Nos. 6,999,777 and 7,013,148. (Dkt. #1 at ¶ 49-52). Defendant Cellco Partnership d/b/a Verizon Wireless, however, argues that "Plaintiff is improperly attempting to impute purported knowledge to the wrong Verizon entity" and claims that it is "a corporate entity that is legally separate and distinct" from the Verizon entity identified on the face of the two patents. (Dkt. #27 at 2:9-10, 5:5-7). At this early stage in the litigation, IpVenture has not had the benefit of discovery and therefore cannot fully comprehend whether there is a distinction between these two Verizon entities. The September 10, 2010 notice to Cellco Partnership confirms that Cellco Partnership had knowledge of the '522 patent.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

¶¶ 53, 85, 114). Courts in this district have held that a plaintiff satisfactorily plead willful infringement when it alleged that "the defendant's infringement has been 'deliberate' and in 'disregard' of the patents." *See Rambus, Inc.*, 2008 U.S. Dist. LEXIS 95168, at *6-7 (determining that willful infringement was sufficiently plead when plaintiff alleged that "Defendant's infringement of the Rambus Patents . . . has been and is willful, deliberate and in disregard of Rambus' patent rights . . . .").

Finally, IpVenture's willfulness allegations are also based, in part, on the fact that the Defendants are continuing to willfully infringe the '522 patent. (Dkt. #1 at ¶¶ 54, 86, 115). The Defendants ignore the fact that each Defendant was notified of its infringement of the '522 patent on September 10, 2010. *See* Munoz Decl., Ex. A (Letter to Cellco Partnership), Ex. B (Letter to AT&T Mobility, LLC), and Ex. C (Letter to Sprint Nextel Corporation and Sprint Spectrum, LP). IpVenture's predecessor in interest to the '522 patent provided the Defendants with a courtesy copy of the patent infringement complaint that it filed in the Eastern District of Texas. The Defendants in the Eastern District of Texas action are the same entities initially named in the current matter.[3] The Eastern District of Texas complaint, like IpVenture's current complaint, provided the Defendants with a detailed description of their infringement of the '522 patent. Despite the Defendants' knowledge of the issued '522 patent, and its previous knowledge of the '522 patent application, the Defendants continue to act in disregard for the '522 patent, and continue to engage in willful infringement. Each of IpVenture's willfulness allegations provide the Defendants with more than sufficient notice of their respective willful infringement of the '522 patent, and therefore Defendants' motions should be denied.

### B. IpVenture has pled sufficient facts to support its allegation that Defendants indirectly infringed the '522 Patent.

Defendants' allegation that IpVenture did not plead sufficient facts to support its claim of indirect infringement is also based on a misreading of case law and an inadequate assessment of

---

[3] On December 17, 2010, IpVenture and Defendant AT&T Mobility, LLC jointly agreed to dismiss Defendant AT&T Inc. (Dkt. #29). On December 17, 2010, IpVenture and Defendants Sprint Spectrum, LP and Sprint Nextel Corporation jointly agreed to substitute Nextel Operations, Inc. in place of Sprint Nextel Corporation. (Dkt. #31).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

IpVenture's complaint. In addition to its allegation that Defendants "directly, indirectly, contributorily, and/or by inducement, infringed claims of the '522 patent," IpVenture filed 38 exhibits complete with detailed facts to support this statement. (Dkt. #1 at ¶¶ 45, 74, 108). Not only did IpVenture put Defendants on notice with enough information to adequately answer the complaint, it went far beyond any requirements for pleading indirect infringement at this stage in the litigation.

Defendants base their accusation that IpVenture failed to sufficiently plead indirect infringement on cases that address proof requirements, not pleading requirements, and on a misstatement of case law. *See, e.g.*, Dkt. #33 at 7 (*citing Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004), which discusses a summary judgment motion for noninfringement); Dkt. #33 at 7 (*citing Aro Mgf. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 (1964), which discusses proof of liability); Dkt. #33 at 8 (*citing Manville v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990), which also discusses proof of liability). Defendants also accuse IpVenture of failing to meet the five-part *Phonometrics* test for pleading indirect infringement. (Dkt. #33 at 7; Dkt. #35 at 7). But the five "required elements," that Defendants refer to, are merely five facts that the court in *Phonometrics* relied upon to find that the plaintiffs had sufficiently pled their complaint. *Phonometrics, Inc.*, 203 F.3d at 794. Nowhere in the case does it state that this is a new test. In fact, the *Phonometrics* court stated that Rule 12(b)(6) pleading requirements only necessitate a patentee to plead facts sufficient to place the alleged infringer on notice and to enable the accused infringer to answer the complaint and defend itself. *Id.*

The Federal Circuit has yet to address the adequacy of a complaint for an indirect patent infringement (induced and contributory). *Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. Civ. 2:03-1329 WBS EFB, 2010 U.S. Dist. LEXIS 113292, at *8 (E.D. Cal. Oct. 18, 2010). The Federal Circuit last addressed the adequacy of a complaint in *McZeal*, which found that conclusory allegations of direct patent infringement were sufficient to survive a motion to dismiss. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Under *Iqbal* and *Twombly*, the pleadings still only need to permit the court to *infer* more than the mere possibility

of misconduct and that the pleader is entitled to relief. *Tech. Licensing Corp.*, 2010 U.S. Dist. LEXIS 113292, at *8. IpVenture's complaint more than meets that hurdle.

Because the Federal Circuit has not addressed the adequacy of a complaint for indirect patent infringement, district courts have looked to cases discussing proof to set a framework. *See, e.g.*, *Bender v. Motorola, Inc.*, C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076 (N.D. Cal. Feb. 6, 2010); *Halton Co. v. Streivor, Inc.*, No. C 10-00655 WHA, 2010 U.S. Dist. LEXIS 50649 (N.D. Cal. May 21, 2010). But from these cases, it is clear that complaints do not need to plead proof of induced or contributory infringement, but instead allege enough facts to establish the elements needed in order for the court to infer the mere possibility of misconduct. *Halton*, 2010 U.S. Dist. LEXIS 50649, at *5. For example, to establish liability for induced infringement, 35 U.S.C. § 271(b) requires (1) that an entity, other than the defendant, directly infringed and (2) that the defendant knowingly induced infringement. *Id.* at *4-5. Therefore, a plaintiff must provide enough facts to support a plausible inference of these two requirements, which IpVenture does. *Id.*

IpVenture has pled more than enough to establish an inference of direct infringement by a third party. Defendants cite *Duhn Oil Tool, Inc.*—the only cited case that addresses pleading—to state that the two most basic questions regarding direct infringement allegations are: (1) Who infringed the patent? and (2) How was the infringement accomplished? *See* Dkt. #33 at 8 (*citing Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GA, 2010 U.S. Dist. LEXIS 57461, at *5 (E.D. Cal. June 9, 2010)); Dkt. #35 at 7 (*citing* same). Defendants fail, however, to state *what* information would satisfy these "basic questions." Defendants also fail to mention that *Duhn Oil* relied entirely on *Fuji Mach. Mfg. Co. v. Hover-Davis, Inc.* for its conclusions. *Id.* at *6. The court in *Fuji* found that the plaintiff sufficiently pled third-party direct infringement by merely stating in its complaint, "[u]pon information and belief, Hover-Davis has infringed claims of U.S. Patent No. 4,740,136 by selling and marketing parts feeders . . . which have been used by others. . . ." *Fuji*, 936 F. Supp. 93, 95 (W.D.N.Y. 1996); *see also Bender*, 2010 U.S. Dist. LEXIS 26076, at *9 (finding the following also sufficient for pleading direct infringement: "National Semiconductor has induced infringement . . . by



ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

providing its customers and others with detailed explanations, instructions, and information as to arrangements, applications, and uses of its products that promote and demonstrate how to use its products in an infringing manner").

While IpVenture's complaint does not state the exact words that "Defendants' products have been used by others" or that "Defendants have induced infringement by providing its customers detailed explanations, instructions, and information," it provides an abundance of facts stating how a third party, such as an account holder (*i.e.*, Defendants' customers), uses the infringing product. (Dkt. #1 at ¶¶ 29-44, 58-73, 90-107). These are the same "uses" that IpVenture charts in Complaint Exhibits 17, 27, and 38, which explain in great detail the ways in which Defendants infringe and by inference how Defendants' customers directly infringe.

In addition to direct infringement, IpVenture's complaint sufficiently pleads that Defendants knowingly induced infringement. By arguing that IpVenture failed to allege that Defendants knowingly induced infringement, Defendants again confuse at which stage the parties are in the litigation. *Iqbal* and Rule 8(a) do not require form language stating "knowingly," but only require that IpVenture plead sufficient facts that support a *plausible* inference of active inducement. *Iqbal*, 129 S. Ct. at 1950; Fed. R. Civ. P. 8(a). For example, merely stating "actively induced . . . " is enough to allege that a defendant knowingly induced infringement. *Rambus, Inc.*, 2008 U.S. Dist. LEXIS 95168, at *8-9. And while IpVenture's complaint does not state that Defendants "actively" or "knowingly" induced their customers or account holders to infringe, the combination of evidence for willful infringement (Dkt. #1 at ¶¶ 47-54, 76-86, 110-115) and the information Defendants provided their customers on their website—detailed explanations, instructions, and information (charted in Complaint Exhibits 17, 27, and 38)—is more than enough to support a *plausible* inference of active inducement. Further amplification of this allegation can be and will be obtained in the normal discovery process, but at this stage in the litigation, the complaint, along with its 38 detailed exhibits, provides fair notice to Defendants and enables them to answer the complaint and defend themselves.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

**C. The Defendants previously answered less-detailed infringement allegations in other matters involving their family locator products.**

In their motions to dismiss, the Defendants argue that IpVenture makes "broad allegations" that lack "necessary information." (Dkt. #33 at 7:15-28; Dkt. #35 at 7:5-19; Dkt. #37). As a result, Defendants claim that they "cannot possibly craft responses to the allegation that [they] indirectly infringed the '522 patent by contribution or inducement." (Dkt. #33 at 8:7-8; Dkt. # 35 at 7:26-28, Dkt. #37). Each Defendant, however, previously answered less-detailed infringement allegations in other matters involving the same family locator products.

For example, in *Child Protect, LLC v. Sprint Spectrum, LP et al.*, Case No. 6:09-cv-00498 (E.D. Texas), the plaintiff filed suit against many of the same Defendants as in the present action – Sprint Spectrum, LP, Nextel Operations, Inc., AT&T Mobility, LLC, and Cellco Partnership d/b/a Verizon Wireless. Munoz Decl., Ex. D at 1-3. On May 24, 2010, Child Protect, LLC alleged that the Defendants infringed three patents "either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271." *Id.* at 5, 7-8, 10. Although the complaint did not include any of the "necessary information" that the Defendants claim is missing from IpVenture's complaint, the Defendants were able to "craft" a response to Child Protect, LLC's complaint. Munoz Decl., Ex. E at ¶¶ 19, 35, 51 (Sprint Defendants' Answer), Ex. F at ¶¶ 20, 36, 52 (AT&T Mobility, LLC's Answer), Ex. G at ¶¶ 22, 37, 53 (Cellco Partnership's Answer).

In light of Exhibits 17, 27, and 38 to IpVenture's complaint, which contain preliminary exemplary evidence of the Defendants' infringement, it is disingenuous for the Defendants to now argue that they are unable to "craft" a response to IpVenture's complaint. IpVenture's complaint more than satisfies the pleading requirements for patent infringement. Accordingly, the Defendants' motions to dismiss for failure to state a claim should be denied, and the Defendants should be ordered to answer IpVenture's complaint.

## V. Conclusion

IpVenture's willful infringement and induced infringement allegations satisfy Rule 8(a) and applicable case law. IpVenture's complaint provides the Defendants with more than enough notice of IpVenture's infringement allegations and requests for relief. Accordingly, IpVenture respectfully requests that this Court deny the Defendants' Motions to Dismiss IpVenture's Complaint, and order the Defendants to answer the complaint. Alternatively, if the Court determines that IpVenture's complaint does not satisfy the pleading standard, IpVenture requests that any dismissal be without prejudice, and that IpVenture be allowed to amend its pleadings.

DATED: January 5, 2011

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Ronald J. Schutz
Ronald J. Schutz

David Martinez, CA Bar No. 193183
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5900

Ronald J. Schutz (admitted *pro hac vice*)
Mary E. Kiedrowski (admitted *pro hac vice*)
Angela M. Munoz-Kaphing (admitted *pro hac vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

**ATTORNEYS FOR PLAINTIFF IPVENTURE, INC.**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS