IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IPVENTURE, INC.,

    Plaintiff,

v.

CELLCO PARTNERSHIP ET AL,

    Defendants.

No. C 10-04755 JSW

**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**

Now before the Court is the motions to dismiss the claims for willful infringement and indirect infringement filed by Defendants AT&T Inc. and AT&T Mobility ("AT&T"), LLC, Cellco Partnership ("Cellco"), and Sprint Spectrum, LP and Nextel Operations, Inc. ("Sprint") (collectively, "Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matters suitable for disposition without oral argument. *See* N.D. Civ. L-R 7-1(b). Therefore, the hearing date of February 4, 2011 is HEREBY VACATED. The Court GRANTS the motions to dismiss and GRANTS Plaintiff leave to amend.

**BACKGROUND**

This litigation began on September 10, 2010 when Plaintiff's predecessor in interest to the patent in suit, Guardian Location Systems, LLC, filed a lawsuit against Cellco and its co-defendants in the Eastern District of Texas ("Texas Action"). The original complaint in the Texas Action did not include a claim for willful infringement, which was only added in an amended complaint filed on September 24, 2010. Before having an opportunity to answer the

1  amended complaint in that action, Plaintiff dismissed the Texas Action without prejudice on
2  October 12, 2010 and, after the patent-in-suit was reassigned to IpVenture, the same suit was re-
3  filed in this District on October 20, 2010.

4  According to the undisputed facts in the record, the application for the patent-in-suit,
5  U.S. Patent No. 7,366,522, was originally filed with the U.S. Patent and Trademark Office
6  ("PTO") on February 28, 2001. The pending application was published on March 27, 2003.
7  The original application contained 23 claims. After seven years of prosecution, including ten
8  amendments and three requests for continued examination filed in response to a series of PTO
9  rejections, the patent-in-suit finally issued on April 29, 2008.

10  The complaint filed before this Court makes a claim for willful infringement, alleging
11  that Defendants knew or should have known of the patent at least as early as April 29, 2008.
12  (Compl. at ¶ 48.) However, the recitation of facts merely includes the allegation that the patent
13  application was cited in Defendants' patents. Defendants contend that the vague allegation of
14  knowledge of the actually issued patent is insufficient as the only factual allegation is that the
15  application was cited as a reference during the prosecution of Defendants' patents.[1] On this
16  basis, all Defendants move to dismiss the willful infringement claim. Sprint also moves to
17  dismiss the claim for indirect infringement for failure to state a claim upon which relief can be
18  granted.

19  The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint

---

[1] Cellco contends that the complaint makes allegations about Verizon Wireless, but has not demonstrated that Cellco prosecuted or owns the subject patent. Cellco states that the cover pages of the allegedly infringing patent indicate that Verizon Corporate Services Group Inc. and BBNT Solutions LLC were separate legal entities from Cellco and the legal assignees that prosecuted and owned the patents. (Motion at 5.) In their amended complaint, Plaintiffs should assert their claim against the proper corporate entity.

2

are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544. If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. The requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise System, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Thus, a plaintiff is not required to specifically include each element of the claims of the asserted patent. *See id.*

3

### B. Defendants' Motions to Dismiss Willful Infringement Claim Are Granted, with Leave to Amend.

"In order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  "To willfully infringe *a patent*, the patent must exist and one must have knowledge of it ....  Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents.  What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Industries, Inc. v. A. O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis in original).

Plaintiff's current complaint merely alleges the factual predicate that Defendants had knowledge of Plaintiff's patent application.  (*See* Compl. at ¶¶ 48, 77, 111.)  Because there are no facts to support the claim that Defendants actually had knowledge of the issued patent, and there is merely the bare recitation of the required legal elements for willful infringement, the Court finds that Plaintiff has failed to state a cause of action for willful infringement.  However, Plaintiff has leave to amend to add facts to support its claim of knowledge of the issued patent should Plaintiff be able to assert such a factual predicate.  The Court is not persuaded by Plaintiff's argument that the burden of proof versus the burden of pleading makes a determinative distinction.  In order to state a claim for willful infringement, Plaintiff must make out the barest factual assertion of knowledge of an issued patent.  This Plaintiff has failed to do, but has leave to do so.

Accordingly, the Court GRANTS Defendants' motions to dismiss the willful infringement claim and GRANTS Plaintiff leave to amend.

### C. AT&T's and Sprint's Motions to Dismiss Indirect Infringement Claim Are Granted, With Leave to Amend.

AT&T and Sprint contend that Plaintiff fails to state a claim of indirect infringement based upon either inducement or contributory infringement as Plaintiff has failed to allege a third party who directly infringes the patent or the specific infringing activity.  (*See* AT&T and

4

Sprint Motions at 7, citing *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004); *Phonometrics*, 203 F.3d at 794.)

Again, Plaintiff contends that at the pleading stage, bare recitation of the elements of the claim are sufficient. (*See* Compl. at ¶¶ 45, 74, 108.) In its opposition, Plaintiff alludes to the length of the complaint and the volume of evidence submitted with it, in the form of charts and summaries, but admits that it has not made the factual allegations underlying this claim explicit in the complaint. Instead, Plaintiff contends that the additional submissions indicating that Defendants provided detailed explanations, instruction, and information to potential third parties, leads to the plausible inference that Defendants actively induced infringement. (Opp. Br. at 8.) The Court finds that, as currently drafted, the complaint fails to give Defendants sufficient notice of the specific conduct alleged to form the basis for Plaintiff's claim of indirect infringement.

Accordingly, the motion to dismiss the indirect infringement action is GRANTED and Plaintiff is GRANTED leave to amend. By permitting Plaintiff leave to amend, the Court requires that Plaintiff's claim for indirect infringement be made explicit, in the text of the complaint itself, and provide the proper detail required for an indirect infringement allegation.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the willful infringement and indirect infringement claims are GRANTED. However, Plaintiff is granted leave to amend. Plaintiff shall file and serve an amended complaint within fourteen days of the date of this Order, and Defendants shall file their response within fourteen days thereafter.

**IT IS SO ORDERED.**

Dated: January 21, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE