UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IPVENTURE, INC.,                              No. C-10-04755-JSW (DMR)

        Plaintiff,                      **ORDER RE JOINT DISCOVERY LETTER OF JULY 8, 2011**

    v.

CELLCO PARTNERSHIP, *et al.*,

        Defendants.
_____/

        Before the court is Defendant AT&T's July 8, 2011 Joint Letter Regarding IPVenture's Response to Interrogatories 7 & 8 ("Letter"). [Docket No. 86.] In the Letter, Defendant requests that the court compel Plaintiff IPVenture, Inc. to answer these two contention interrogatories, which demand rebuttals to Defendant's invalidity contentions. (Letter at 1.) Plaintiff opposes the request, in part, as premature. (Letter at 7-8.) The court conducted a telephonic hearing on July 28, 2011. This order summarizes the rulings made by the court during the hearing.

        Pursuant to the Patent Local Rules and the court's scheduling order, Defendant served its invalidity contentions in early May 2011, along with nineteen claim charts supporting its defense that the asserted claims were anticipated and/or obvious. Several days later, Defendant served interrogatories on Plaintiff seeking detailed rebuttal contentions to Defendant's invalidity contentions. Claim construction has not yet taken place; a claim construction hearing is scheduled for October 26, 2011.

The court has found nothing in the record of this case or the Patent Local Rules specifying when the parties should respond to interrogatories concerning invalidity contentions. Furthermore, the court has not found, and Defendant has not presented, any case where the Court has compelled a plaintiff to rebut a defendant's invalidity defense arguments through responses to contention interrogatories at this relatively early stage of the case. *In re Convergent Technologies Securities Litigation* sets forth the analysis for determining the timing of responses to contention interrogatories. 108 F.R.D. 328 (N.D. Cal. 1985). In that case, the court explained that a party seeking early use of interrogatories

> must be able to show that there is a good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute . . . . A party seeking early answers . . . cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered. Rather, the propounding party must present *specific, plausible grounds* for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.

*Id.* at 338-39 (emphasis added).

After close scrutiny of the interrogatories in question, the court concludes that Defendant's interrogatories are not "well-tailored" and that Defendant has not proffered the "specific, plausible grounds" required for the court to compel Plaintiff to respond at this time. Defendant seeks expansive discovery in its contested interrogatories, and the copious information that Plaintiff would need to produce to answer them may well be rendered moot during claim construction. In sum, granting Defendant's request to compel at this time would lead to a substantial waste of the parties' resources.[1]

It is therefore ORDERED that Defendant's request to compel is DENIED in part without prejudice; it is further ORDERED that Defendant may renew its request after claim construction in accordance with the joint letter discovery process outlined in Docket No. 83; and it is further ORDERED that Plaintiff respond to the interrogatories with respect to the two anticipatory

---

[1] Because the court has denied the motion on timing grounds, it does not reach the issues of whether the interrogatories are compound and exceed the presumptive limit of 25, or whether it will be sufficient for Plaintiff to respond to the interrogatories by incorporating its anticipated expert report by reference.

2

references for which Plaintiff has agreed to provide answers, (*see* Letter at 2 n.2), by no later than August 29, 2011.

IT IS SO ORDERED.



Dated: August 2, 2011

_____
DONNA M. RYU
United States Magistrate Judge